**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROL DOBBIN, LYNNTOI** | ) | |
| **LAWSON, DUANE MUHAMMAD,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 13 C 8140** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **VILLAGE OF DOLTON, an Illinois** | ) | |
| **municipality, VILLAGE OF DOLTON** | ) | |
| **BOARD OF TRUSTEES, VILLAGE** | ) | |
| **TRUSTEE STANLEY BROWN,** | ) | |
| **VILLAGE TRUSTEE ROBERT HUNT,** | ) | |
| **VILLAGE TRUSTEE TIFFANY** | ) | |
| **HENYARD, VILLAGE TRUSTEE** | ) | |
| **SABRINA SMITH, VILLAGE** | ) | |
| **TRUSTEE CATHERINE BENDELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs allege that defendants violated their First and Fourteenth Amendment rights by firing them from their jobs with the Village of Dolton because they supported the mayor. Plaintiffs filed their initial complaint in November 2013, and amended it in February 2014, solely to add reinstatement to their prayer for relief. Defendants answered the first amended complaint in March 2014. Discovery closed in September, and the parties were ordered to file dispositive motions by October 21.

On October 21, defendants not only filed a summary judgment motion, but a motion for leave to assert the affirmative defense of legislative immunity, which plaintiffs oppose. Federal Rule of Civil Procedure 8(c) requires defendants to assert affirmative defenses in their pleadings. *See id.* However, the Seventh Circuit "[has] held that a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result." *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th

Cir. 2005) (per curiam); *see Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005) (per curiam) ("The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it."). "Thus, where the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint." *Williams*, 299 F.3d at 871.

Plaintiffs argue that they will be prejudiced if amendment is allowed because briefing on defendants' summary judgment motion is underway. That prejudice is easily cured, however, by extending the briefing schedule. Accordingly, the Court grants defendants' motion to assert the affirmative defense [59], and extends plaintiffs' deadline to file their response to the summary judgment to November 24, 2014, and defendants' deadline for their reply to December 1, 2014.

**SO ORDERED.**                                    **ENTERED: November 12, 2014**


**HON. RONALD A. GUZMAN**
**United States District Judge**